IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00938-PAB-KLM

CANDACE ELAINE SHERMAN,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY, and
LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 69].

**I.  BACKGROUND**

The facts are set forth in the magistrate judge's recommendation, Docket No. 69 at 2-3, and the Court adopts them for the purposes of ruling on the objections. Plaintiff asserts a single breach of contract claim for underinsured motorist benefits against defendants. Docket No. 4 at 2-3. Defendants filed a motion for summary judgment. Docket No. 43. The magistrate judge recommends that the summary judgment motion be granted in part and denied in part. Docket No. 69 at 13. The magistrate judge recommends granting summary judgment in favor of defendant Liberty Mutual Insurance Company, finding no genuine issue of material fact that this defendant did not issue the insurance policy. *Id*. at 5-7. The magistrate judge recommends denying summary judgment with respect to plaintiff's breach of contract claim against defendant

Liberty Mutual Fire Insurance Company, finding a genuine issue of material fact as to whether there is proof of physical contact between plaintiff's vehicle and another vehicle. *Id*. at 7-12.

Plaintiff is *pro se*. *See* Docket No. 54. Because plaintiff is proceeding *pro se*, the Court will construe her objections and pleadings liberally without serving as her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. ANALYSIS

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*. The recommendation states that objections must be filed within fourteen days after service on the parties. Docket No. 69 at 13; *see also* 28 U.S.C. § 636(b)(1)(C). The recommendation was served on January 6, 2023. Any objections were therefore due on January 20, 2023.

Defendants did not file an objection to the recommendation. On January 25, 2023, plaintiff filed a response to the magistrate judge's minute order, Docket No. 67, and requested additional time to submit her deposition transcripts. Docket No. 73 at 1-2. Plaintiff's response also states, "[r]egarding the Motion for Summary Judgment be granted to Plaintiff and denied to Defendants for their actions of Fraudulent when filed

2

their Summary Judgment." *Id*. at 2. The Court construes this portion of the response as an objection to the magistrate judge's recommendation.

The Court finds that plaintiff's objection is untimely because it was received five days after the deadline. See Docket No. 73; see also *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (discussing how pro se litigants must follow the same procedural rules as other litigants). The Court accordingly finds that plaintiff has waived *de novo* review and will review the recommendation for clear error. *Cf. Martinez v. Thrailkill*, No. 17-cv-02769-RM-KMT, 2019 WL 1292859, at *2 (D. Colo. Mar. 21, 2019) (striking untimely objection and reviewing magistrate judge recommendation for clear error). The Court has reviewed the recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

### III. CONCLUSION

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 69] is **ACCEPTED**. It is further

**ORDERED** that the portion of Plaintiff[']s Answer to Minute Order [Docket No. 73], which the Court construes as an objection, is **OVERRULED**. It is further

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

**ORDERED** that Defendants' Motion for Summary Judgment and Memorandum Brief in Support Thereof [Docket No. 43] is **GRANTED IN PART** and **DENIED IN PART**. It is further

**ORDERED** that plaintiff's breach of contract claim is dismissed against defendant Liberty Mutual Insurance Company.  It is further

**ORDERED** that defendant Liberty Mutual Insurance Company is terminated from this case.

DATED January 27, 2023.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge